# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-0021 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **GREEN, et al.,** | : | |
| Defendants. | : | |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:07-CV-0022 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ALLEN, et al.,** | : | |
| Defendants. | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Frederick Banks, has filed pro se Bivens[1] styled civil rights actions pursuant to 28 U.S.C. § 1331 in the above-captioned matters. He is currently confined at the Federal Correctional Institution at Butner-Low ("FCI-Butner Low") in Butner, North Carolina. Named as defendants in both matters are a number of

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

prison officials at FCI-Butner Low, as well as prison officials located at plaintiff's former institution of confinement, the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania.

In the complaint docketed as civil action no. 1:07-cv-0021, plaintiff claims that defendants violated his constitutional rights by confiscating certain private papers, subjecting plaintiff to allegedly needless searches of his person and possessions, and conspiring to have plaintiff placed in more restrictive housing. (1:07-cv-0021, Doc. 1.) In the complaint docketed as civil action no. 1:07-cv-0022, plaintiff contends that defendants at both prison facilities acted as "partners in crime" in their efforts to deny plaintiff his constitutional right to freedom of religion, privacy, and equal protection when they allegedly discriminated against him based on his race and religion. (1:07-cv-0022, Doc. 1.) Presently pending before the court are plaintiff's three motions to stay his transfer to another institution. (1:07-cv-0021, Docs. 6, 11, 14; 1:07-cv-0022, Docs. 6, 10, 13.)[2]

In his motions plaintiff claims that defendants are violating his right to due process under the Fifth Amendment by planning to transfer him to a higher security prison. Without relief from the court, plaintiff argues, he will suffer irreparable harm at a higher security prison due to conditions such as metal

---

[2] Plaintiff's motions include motions to stay a transfer and motions for a temporary restraining order and preliminary injunction; however, all motions relate to a possible transfer and, thus, will be addressed simultaneously. In addition, the motions reference both matters docketed as 1:07-cv-0021 and 1:07-cv-0022. For convenience, in this order the court will address the motions as they pertain to both cases.

detectors, a more restrictive lockdown status, and cells rather than a dormitory-style living arrangement.

To assert a due process claim here, plaintiff must identify the denial of a liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). However, no protected interest in a particular custody status is provided by the Constitution. E.g., Montanye v. Haymes, 427 U.S. 236, 242 (1976); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

It is also well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State"); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("The Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive"). Although these cases addressed the liberty interests of state prisoners in not being transferred, the principles espoused therein also apply to federal prisoners. Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983) (holding, in an action involving transfers of a federal prisoner from one federal prison to

3

another, that no due process claim was stated); Cardenas v. Wigen, 921 F. Supp. 286, 291-92 (E.D. Pa. 1996) (denying petitions for habeas corpus by federal prisoners on grounds that there is no due process interest in a certain custodial classification or in remaining at a particular federal prison); Lee v. Carlson, 564 F. Supp. 1048, 1051 (M.D. Pa. 1983) (holding that "[t]he transfer of a plaintiff from FCI-Memphis to USP-Lewisburg does not raise due process rights").  Further, under the applicable federal statute, the Bureau of Prisons may "at any time" direct transfer of a prisoner from one prison to another without a reason.  18 U.S.C. § 3621(b).

Applying these principles, the court concludes that plaintiff has no liberty interest in his place of confinement.  Moreover, he has failed to establish that transfer from his current place of confinement will result in restrictions placed upon him that will impose "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.  Accordingly, his motions will be denied.

AND NOW, this 13th day of February, 2007, it is hereby ORDERED that:

1. Plaintiff's motions for a stay of transfer (1:07-cv-0021, Docs. 6, 11, 14; 1:07-cv-0022, Docs. 6, 10, 13) are DENIED.

2. The Clerk of Court is directed to docket this order in each of the above-captioned matters.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge