**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREDERICK BANKS, | : | CIVIL ACTION NO. 1:07-CV-0021 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| GREEN, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

Presently pending before the court is a motion to dismiss the complaint of plaintiff Frederick Banks ("Banks"), filed on behalf of several prison officials from the Federal Prison Camp at Canaan ("FPC-Canaan" or "USP-Canaan") in Waymart, Pennsylvania and the Low Security Correctional Institution in Butner, North Carolina ("LSCI-Butner") (collectively, "defendants").[1]  (Doc. 27.)  Banks alleges that the named defendants have conspired to deprive him of his constitutional rights.  For the reasons set forth below, the motion to dismiss will be granted.

---

[1] Named as FPC-Canaan defendants are Art Roberts, counselor; Julie Nicklin, camp administrator; Marc Renda, disciplinary hearing officer; John Johnson, Chaplain; Donna Henke, inmate accounting; and Cameron Lindsay, warden.  Named as LSCI-Butner defendants are Daniel Greene, counselor (named in complaint as "Green"); Walter Harris, unit manager; Clyde Van Dyke, trust fund supervisor; Terrence Robinson, Chaplain; Grady Zickefoose, Chaplain; Patricia Stansberry, warden; Mark Crawford, recreational specialist; and Dante Amour, educational specialist (named in complaint as "Armor").

## I.     Statement of Facts

Banks' complaint contains forty-seven (47) counts against defendants, set forth as Bivens[2] claims, conspiracy claims, a claim under the False Claims Act, and a claim for negligence.[3]  The allegations in Banks' complaint relate to events occurring during his confinement in 2006 at both USP-Canaan and LSCI-Butner.[4]

### A.     Bivens claims / Conspiracy

Banks first contends that FPC-Canaan defendants violated his "rights to equal treatment, religious freedom, right to privacy, due process and the right to be free from cruel and unusual punishment and the right to equal protection," (Doc. 1 at 3), by transferring him from FPC-Canaan to USP-Canaan's special housing unit ("SHU"), and subsequently to LSCI-Butner, because of his race and religion.  In support, Banks asserts that FPC-Canaan defendant Johnson did not recognize his

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official."  Butz v. Economou, 438 U.S. 478, 504 (1978).

[3] Banks also sets forth a habeas corpus challenge to his confinement at USP-Canaan, which the court already determined does not challenge the very fact or duration of his physical imprisonment; therefore, the court will not consider habeas relief here.  (See Doc. 12.)  Additionally, the court will not consider count forty-two (42) of Banks' complaint, which relates to his habeas corpus challenge.  (See Doc. 1 at 4.)

[4] The record indicates that Banks was incarcerated at LSCI-Butner from August 23, 2006, through February 14, 2007. (Doc. 28-2 at 3.)  Prior to that location, Banks was incarcerated at FPC-Canaan from October 19, 2005, through August 7, 2006.  (Id.)

religion, Thelema.  Rather, defendant Johnson informed him that he must submit an application for Thelema materials to "prison officials."  (<u>Id</u>. at 2.)  Banks claims that officials never responded to his application.  (<u>Id</u>.)

In support of his conspiracy claim, Banks argues that these "unconstitutional activities" continued once he arrived at LSCI-Butner.  He contends that LSCI-Butner defendants, acting as "partners in crime" with FPC-Canaan defendants, violated his constitutional rights by verbally harassing Banks. He asserts that this harassment was "done under racial and religious discrimination by a hungry pack of christians to intimidate, disparage and deny Banks his rights under equal protection and Banks' right to religious freedom and privacy."  (<u>Id</u>.) Further, he claims that, like FPC-Canaan defendants, LSCI-Butner defendants refused to recognize his religion of Thelema.  (<u>Id</u>.)

Additionally, Banks claims that all defendants conspired against him by deducting more than the court-ordered twenty-percent (20%) payments of filing fees under the PLRA.  (<u>Id</u>.)  He also contends that LSCI-Butner defendants prevented mail from being sent to his mother, refused to allow him to attend her funeral, refused to pay him wages equal to those of other inmates, and failed to treat him for a back injury suffered while on work detail.  (<u>Id</u>. at 2-3.)  Banks contends that being subjected to such "punishment" constitutes slavery under the Thirteenth Amendment.  (<u>Id</u>. at 3.)

## B.     False Claims Act

Banks asserts count forty-one (41) under the False Claims Act ("FCA"), see 31 U.S.C. § 3729 *et seq*.  Specifically, he claims that defendants "used abused and misused the monies paid to them by the United States under false pretenses when they knowingly and willfully took the money under sworn oath to uphold the laws and constitution of the United States . . . ."  (Id.)  Under this count Banks also claims that defendants "failed miserably when they damaged Banks pursuant to the above cited [constitutional] violations."  (Id.)

## C.     Negligence

Banks asserts count forty-seven (47) under negligence.  In the complaint, he contends that defendants "damaged Banks' duty of care when they retaliated by denying him religion and discriminated against him because of his religion and race."  (Id. at 4.)

To the extent that Banks is seeking damages for the negligence of Bureau of Prisons ("BOP") employees with regard to their protection of him as a federal inmate, it is the Federal Tort Claims Act ("FTCA") which confers on district courts subject matter jurisdiction over negligence actions against the United States.  See 28 U.S.C. § 1346(b)(1).  Further, it is well-established that a complaint filed pursuant to the FTCA must be brought against the United States.  28 U.S.C. § 2679(b)(1).  An agency or employee of the United States is not a proper defendant in such an action.  28 U.S.C. § 2679(b); Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983);

4

<u>Scheimer v. Nat'l Capital Region, Nat'l Park Services</u>, 737 F. Supp. 3, 4 (D.D.C. 1990); <u>Stewart v. United States</u>, 503 F. Supp. 59, 61 (N.D. Ill. 1980).

Here, Banks' negligence claim fails in two respects.  First, Banks has not set forth an action under the FTCA with respect to this claim.  Furthermore, the court cannot consider the claim under <u>Bivens</u>, because negligence is not the basis of a constitutional claim.  <u>See</u> <u>Bivens</u>, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights).  Second, should the court construe Banks' negligence claim under the FTCA, the claim fails because Banks has not named the United States as a defendant.  The individual defendants are not proper parties under the FTCA.  Because the FTCA authorizes suits only against the United States, <u>see</u> 28 U.S.C. § 2679, Banks' negligence claim against the individual defendants cannot stand.  Consequently, on either basis, the negligence claim must be dismissed.

## D.    Notice of *Lis Pendens*

Banks contends that a *lis pendens* should be placed upon all defendants pending litigation of this action.  (Doc. 1 at 6.)  Specifically, he argues that the court should recognize liens against the following property belonging to defendants: "mine head, air rights, sterios [sic], homes, vehicles, automobiles, boats, cars, trucks, vans, skis, mobile homes, vacation resort homes, mutual funds, all investments, all income, past present and future, paychecks, bank accounts, credits cars, trust funds, stocks, bonds, petty cash, toys, books, furniture, carpeting, motorcycles, land, entertainment equipment, tv's, clotheling [sic], jewelry, suits,

dresses, shoes, undergarments, glasses, hearing aids, medical supples [sic], bus

passes, theater tickets, concert tickets, books, bibles, video, dvd tapes,

memberships, food, refrigerators, heating equipment, tires, garages, and all other

property known and unknown of the defendant respondents located in the state of

Pennsylvania, North Carolina anywhere in the United States or the territories and

possessions thereof."  (Doc. 1 at 6.)  Banks does not provide evidence of any

commercial transactions between himself and any of the defendants.  Rather,

Banks seeks to have the court hold defendants personally liable for their alleged

conduct in performance of official duties; thus, the notice of *lis pendens* will be

stricken.  See generally Ryan v. Bilby, 764 F.2d 1325 (9th Cir. 1985).

## II.  **Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6),

the court must "accept as true all factual allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)

(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is

generally limited in its review to the facts in the complaint, it "may also consider

matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman,

6

38 F.3d 1380, 1384 n.2 (3d Cir.  1994); see also In re Burlington Coat Factory Sec.

Litig., 114 F.3d 1410, 1426 (3d Cir.  1997).

Federal notice pleading rules require the complaint to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v.

Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting

Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff  must

present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV.

P.  8(a) (stating that the complaint should include "a short and plain statement of

the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly,

___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient

to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499

F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure

to state a claim if it "contain[s] either direct or inferential allegations respecting all

the material elements necessary to sustain recovery under *some* viable legal

theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567,

at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969).  Under this

liberal pleading standard, courts should generally grant plaintiffs leave to amend

their claims before dismissing a complaint that is merely deficient.  See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.  2002); Shane v.  Fauver, 213 F.3d

113, 116-17 (3d Cir.  2000).

### III.   **Discussion**

Defendants have moved for dismissal of Banks' complaint under Federal Rule of Civil Procedure 12(b) on the grounds of: (1) failure to exhaust administrative remedies; (2) lack of personal jurisdiction over the LSCI-Butner defendants; (3) failure to state a cause of action with respect to his claims of conspiracy and retaliation; (4) injunctive relief requested is moot as Banks is no longer incarcerated at USP-Canaan; and (5) defendants are entitled to qualified immunity.  Upon consideration of these grounds for dismissal, the court will grant the motion to dismiss for failure to exhaust administrative remedies.

Exhaustion of administrative remedies is required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  The PLRA mandates that a prisoner present his claims through an administrative grievance process before seeking redress in federal court.  The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion

8

requirement, whether on the ground of futility, inadequacy or any other basis."

Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr.

Facility, 28 F. Supp 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422

U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its

mandatory exhaustion requirement."  Nyhuis, 204 F.3d at 71.  The PLRA also

mandates that an inmate "properly" exhaust administrative remedies before filing

suit in federal court.  Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006).  "Proper

exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings."  Id. at 2386.

Such requirements "eliminate unwarranted federal-court interference with the

administration of prisons, and thus seeks to 'affor[d] corrections officials time and

opportunity to address complaints internally before allowing the initiation of a

federal case."  Id. at 2387 (quoting Nussle, 534 U.S. at 525).  Failure to substantially

comply with procedural requirements of the applicable prison's grievance system

will result in a procedural default of the claim.  Spruill v. Gillis, 372 F.3d 218, 227-32

(3d Cir. 2004).

Further, the United States Court of Appeals for the Third Circuit recently

stated that "there appears to be unanimous circuit court consensus that a prisoner

may not fulfill the PLRA's exhaustion requirement by exhausting administrative

remedies after the filing of the complaint in federal court."  Oriakhi v. United

States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential).  In citing to a case

from the United States Court of Appeals for the Eighth Circuit, <u>Johnson v. Jones</u>, 340 F.3d 624, 627-28 (8th Cir. 2003), the <u>Oriakhi</u> Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his <u>Bivens</u> claim.  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred."  <u>Oriakhi</u>, 165 Fed. Appx. at 993 (quoting <u>Johnson</u>, 340 F.3d at 627-28).

A prisoner is not required to allege in his complaint that he has exhausted administrative remedies.  <u>Ray v. Kertes</u>, 285 F.3d 287, 295 (3d Cir. 2002).  Failure to exhaust available administrative remedies is an affirmative defense.  <u>Id</u>. at 295 n.9 (noting that defendants may raise failure to exhaust as the basis for a motion to dismiss).  Therefore, it must be pleaded and proven by the defendants.  <u>Brown v. Croak</u>, 312 F.3d 109, 111 (3d Cir. 2002).

An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*.  An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  <u>Id</u>. at § 542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP.  <u>Id</u>. at §§

10

542.15(a) and 542.18.  No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

In the instant case, Defendants claim that the record of Banks' requests for administrative remedies demonstrates that he has not properly exhausted all available administrative remedies with respect to any of his claims and, therefore, the complaint should be dismissed.  In support of this contention, defendants have submitted the SENTRY records indicating the grievances filed by Banks throughout his entire confinement with the BOP.  Those records reflect that at the time defendants filed their motion to dismiss, Banks had filed twenty-nine (29) requests for administrative remedy from FPC-Canaan and the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), where Banks is currently incarcerated, on various topics and to various levels, including the Northeast Regional, Southeast Regional, and Central Offices.[5]  (Doc. 28-2 at 7-24.)

Banks has filed administrative grievances relating to his freedom of religion claim.  On July 19, 2006, Banks filed grievance number 420485-F1, requesting the religious writings, access to land for religious purposes, and a new job.  (Doc. 28-2 at 15.)  This grievance was rejected on the same day, July 19, 2006.  (Id.)  In that

---

[5] Defendants have submitted the declaration of L. Cunningham, supervisory attorney at the United States Penitentiary at Lewisburg, Pennsylvania, which verifies the accuracy of all the administrative remedies pursued by Banks, and the responses thereto, while he was incarcerated in the Bureau of Prisons.  (Doc. 28-2 at 3-5.)  Also attached as exhibits are the relevant SENTRY computer-generated records of Banks' exhaustion attempts, as well as several detailed requests for remedies and responses thereto.  (Id. at 7-24.)

rejection, Banks was advised that his request pertained to several unrelated issues, and that he must file a separate complaint for each unrelated issue.[6]  (Id. at 24.)

On July 20, 2006, Banks re-filed grievance 420485-F2, again requesting the religious writings, access to land for religious purposes, and a new job.  (Id. at 16.) However, he further explained that his request for a new job was based on religious reasons.  (Id. at 23.)  Because the issues were related, the remedy was accepted.

On July 27, 2006, the grievance was granted in part.  (Id. at 24.)  In his response to grievance 420485-F2, defendant Lindsay observed that Banks had received a form, "New or Unfamiliar Religious Components Questionnaire," to complete with information regarding his religious requirements.  (Id.)  Although Banks had initially responded, the form was returned to him for additional information.  (Id.)  Banks was advised that once the completed form was returned, the BOP's Religious Issues Committee in Washington, D.C., would review his requests for religious writings and a plot of land.  (Id.)

Banks was also advised on how to appeal the grievance should he be dissatisfied with the response.  (Id.)  Banks did not appeal any of the issues relating to his requests for religious writings and a plot of land for establishing an outdoor worship area, although he did seek additional administrative review of other issues

_____

[6] Pursuant to the BOP administrative remedy program policy, "[t]he inmate shall place a single complaint or a reasonable number of clearly related issues on the form.  If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue."  28 C.F.R. § 542.14(c)(2).

in the days following the partial grant of this remedy.[7]  Because there is nothing in the record to indicate that Banks followed the response's directives or appealed the response to the regional director, Banks' failure to comply with the requirements set forth in the BOP's administrative remedy procedure renders this claim procedurally deficient as to the FPC-Canaan defendants.  See Spruill, 372 F.3d 227-32.

With respect to his *remaining* claims relating to FPC-Canaan defendants, as well as *all* claims relating to LSCI-Butner defendants, it is undisputed that Banks did not timely pursue the claims through the proper administrative remedy channels.  In his brief in opposition, Banks alleges that he exhausted his available administrative remedies after he arrived at FCI-Yazoo City. (Doc. 32 at 1.)  However, Banks filed the instant action prior to his arrival at FCI-Yazoo City.  As a result, all claims are subject to dismissal because Banks did not exhaust his administrative remedies prior to commencing this action in federal court.[8]  See Oriakhi, 165 Fed. Appx. 993.

---

[7] On July 28, 2006, Banks filed grievance 421712-F1 with USP-Canaan, requesting a return to FPC-Canaan general population from administrative custody, which was rejected on July 31, 2006, for failure to seek informal resolution. (Doc. 28-2 at 19).  On August 3, 2006, Banks appealed grievance 419128-F1, requesting copies of FOIA documents in a central file, to the Northeast Regional Office, at appeal no. 419128-R2.  (See id.)

[8] Banks further claims that his failure to exhaust administrative remedies was the fault of FCI-Yazoo City officials.  (Doc. 23 at 1.) However, the conduct of FCI-Yazoo City officials, who are not parties to this action, is not at issue here.

13

In sum, there is nothing in the record to indicate that Banks has exhausted his administrative remedies or that administrative remedies were not "available" to him. See 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (asserting that under the PLRA, a prisoner need only exhaust such administrative remedies as are "available"). Defendants, therefore, have shown that Banks has failed to exhaust his administrative remedies with respect to the instant claims prior to filing this action. Consequently, the court will grant defendants' motion to dismiss the complaint, without prejudice to any right Banks may have to assert his claims in a newly filed complaint.[9]

IV. **Conclusion**

For the reasons set forth herein, defendants' motion to dismiss will be granted on the basis of Banks' failure to properly exhaust administrative remedies relating to all claims in the instant action.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      December 11, 2007

---

[9] Because exhaustion of administrative remedies is a threshold issue, there is no need to address defendants' alternative arguments.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:07-CV-0021** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GREEN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 11th day of December, 2007, upon consideration of

defendants' motion to dismiss the complaint (Doc. 27), it is hereby ORDERED that:

1.  Defendants' motion to dismiss is (Doc. 27) is GRANTED without
    prejudice for failure to exhaust administrative remedies.

2.  The Clerk of Court is directed to CLOSE this case.


　　S/ Christopher C. Conner　　
CHRISTOPHER C. CONNER
United States District Judge